No. 115,674

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALYSSA M. CLAYTON,
*Appellee*,

v.

UNIVERSITY OF KANSAS HOSPITAL AUTHORITY
and
SAFETY FIRST INSURANCE COMPANY,
*Appellants*.

SYLLABUS BY THE COURT

1.

A final order of the Workers Compensation Board is subject to review under the Kansas Judicial Review Act, K.S.A. 77-601 *et seq.* Relief may be granted if the Board erroneously interpreted or applied the law. K.S.A. 2015 Supp. 77-621(c)(4).

2.

Whether the Workers Compensation Board properly interpreted or applied a statute is a question of law over which appellate courts have unlimited review.

3.

When a statute is plain and unambiguous, appellate courts must give effect to its express language—giving ordinary words their ordinary meaning—to determine the legislature's intent.

1

**4.**

Because the Kansas Supreme Court abrogated the doctrine of operative construction in Kansas, appellate courts no longer give deference to the Workers Compensation Board's interpretation of the Workers Compensation Act.

**5.**

When the legislature revises an existing law, appellate courts presume that it intended to change the law as it existed prior to the amendment. Likewise, courts must construe statutes to avoid unreasonable results and presume the legislature does not intend to enact meaningless legislation.

**6.**

K.S.A. 2015 Supp. 44-510k(a)(3) provides for a shifting burden of proof when an employer seeks permanent termination of future medical benefits. Initially, the burden is on the employer to come forward with evidence that a claimant has failed to obtain medical treatment for a period of 2 years from the original award or from the last date upon which the claimant received medical treatment. Upon successfully meeting its burden, the employer is entitled to a statutory presumption "that no further medical care is needed as a result of the underlying injury." At that point, the burden of proof shifts to the claimant to attempt to overcome the statutory presumption by "competent medical evidence."

**7.**

To overcome the statutory presumption under K.S.A. 2015 Supp. 44-510k(a)(3), a claimant must establish within a reasonable degree of medical probability or likelihood that medical treatment in addition to what has already been received will be needed in the future as a consequence of the work-related injury.

Appeal from Workers Compensation Board. Opinion filed January 13, 2017. Reversed and remanded with directions.

*Matthew Stretz*, of Stretz/Quinn P.C., of Kansas City, Missouri, for appellants.

*James E. Martin*, of The Law Office of James E. Martin, of Overland Park, for appellee.

Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.

BRUNS, J.: This is an appeal brought by the University of Kansas Hospital Authority and Safety First Insurance Company from an order entered by the Workers Compensation Board finding that Alyssa Clayton had overcome the statutory presumption, under K.S.A. 2015 Supp. 44-510k(a)(3), that she needed no further medical care as a result of an underlying work-related injury she suffered in October 2011. On appeal, we conclude that the Workers Compensation Board has misconstrued the statute regarding the type of evidence required to overcome the presumption and, by doing so, has rendered the statutory presumption meaningless. Thus, we reverse the decision of the Workers Compensation Board and remand this matter for further proceedings consistent with this opinion.

FACTS

The facts of this case are undisputed. On October 6, 2011, Clayton injured her left knee arising out of and in the course of her employment at the University of Kansas Hospital (Hospital). Clayton filed a claim for workers compensation benefits and ultimately settled. At a settlement hearing held on May 30, 2013, an administrative law judge approved the agreement of the parties to settle for a lump sum payment of $9,435—based on an 8.5 percent permanent partial impairment of the left knee—with future medical treatment and review left open.

3

At the hearing, the administrative law judge also considered a letter from Aakash A. Shah, M.D., of the Kansas City Spine and Sports Medicine Center, dated April 8, 2013. In his letter, Dr. Shah stated that he had last evaluated Clayton on March 5, 2012. At the time of his evaluation, Dr. Shah noted that Clayton had a left knee lateral femoral condyle high-grade articular chondral lesion. He further noted his understanding that Clayton wanted to pursue definitive nonoperative treatment.

Regarding future medical treatment, Dr. Shah opined in his letter:

> "I believe [Clayton] *will likely need future medical treatment* that is directly related to this slip and fall injury given her high-grade articular chondral lesion over the lateral femoral condyle. Future medical treatment *may necessitate* steroidal injection, viscosupplementation injection, and/or surgical intervention utilizing arthroscopy with debridement, chrondroplasty, microfracture procedure." (Emphasis added.)

On June 15, 2015, the Hospital filed an application for postaward medical termination and a motion to terminate future medical benefits pursuant to K.S.A. 2015 Supp. 44-510k(a)(3). Because it was undisputed that Clayton had not sought additional medical treatment in the 2 years following the date of the settlement hearing, the Hospital was entitled to a statutory presumption that no further medical care is needed as a result of Clayton's underlying work-related injury. At a termination hearing held before an administrative law judge on August 5, 2015, Clayton's attorney argued that the letter from Dr. Shah dated April 8, 2013, was sufficient to constitute "competent medical evidence" to overcome the statutory presumption.

On November 25, 2015, the administrative law judge found that Dr. Shah's letter was sufficient to constitute competent medical evidence to rebut the statutory presumption that no further medical care is needed by Clayton as a result of the injury she suffered in October 2011 at the Hospital. Specifically, the administrative law judge interpreted K.S.A. 2015 Supp. 44-510k(a)(3) to mean that no additional or new evidence

4

other than that presented in support of the settlement was required. Notwithstanding the fact that Dr. Shah has never testified in this case—either in-person or by deposition—and his most recent evaluation of Clayton was more than 3 1/2 years prior to the hearing, the administrative law judge concluded that Dr. Shah's letter was "competent medical evidence that rebuts the presumption that no further medical care is needed." Accordingly, the administrative law judge denied the application and motion.

The Hospital timely appealed to the Workers Compensation Board (Board). Instead of holding a hearing, the Board placed the appeal on a summary docket for disposition. On March 25, 2016, the Board issued an order affirming the administrative law judge's decision. Although the Board noted that Clayton had simply relied upon the letter from Dr. Shah that she submitted at the time of the settlement hearing in May 2013, it found that the Hospital had also failed to present evidence. Thus, the Board also concluded that Clayton had overcome the statutory presumption.

ANALYSIS

On appeal, the primary issue presented is whether the Workers Compensation Board erred in concluding that Clayton had overcome the statutory presumption—under K.S.A. 2015 Supp. 44-501k(a)(3)—that she needed no further medical care is needed as a result of the underlying injury. A final order of the Workers Compensation Board is subject to review under the Kansas Judicial Review Act, K.S.A. 77-601 *et seq*. K.S.A. 2015 Supp. 44-556(a). Relief may be granted if the Board erroneously interpreted or applied the law. K.S.A. 2015 Supp. 77-621(c)(4). Whether the Board properly interpreted and applied a statute is a question of law subject to de novo review. See *Whaley v. Sharp*, 301 Kan. 192, 196, 343 P.3d 63 (2014).

When a statute is plain and unambiguous, we must give effect to its express language. It is not our role to determine what the law should or should not be. *Graham v.*

5

*Dokter Trucking Group*, 284 Kan. 547, 554, 161 P.3d 695 (2007). This means we are not to speculate on legislative intent. *Bergstrom v. Spears Mfg. Co.*, 289 Kan. 605, 607-08, 214 P.3d 676 (2009). Moreover, although both parties suggest in their briefs that we are to give deference to the Board's interpretation of the law, this is no longer true. *May v. Cline*, 304 Kan. 671, 675, 372 P.3d 1242 (2016). As the Kansas Supreme Court has made abundantly clear, the doctrine of operative construction has "been abandoned, abrogated, disallowed, disapproved, ousted, overruled, and permanently relegated to the history books." *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013).

Accordingly, we must attempt to determine legislative intent by applying the meaning of the statute's text—giving ordinary words their ordinary meaning—to the specific situation in controversy. See *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). We do not read into the statute words not readily found there. *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, 525, 154 P.3d 494 (2007). Only if the language of the statute is unclear or ambiguous do we employ the canons of statutory construction, consult legislative history, or consider other background information to determine legislative intent. *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015).

Furthermore, when the legislature revises an existing law, we presume that it intended to change the law as it existed prior to the amendment. *City of Dodge City v. Webb*, 305 Kan. 351, 356, 381 P.3d 464 (2016); *Nuessen v. Sutherlands*, 51 Kan. App. 2d 616, 621, 352 P.3d 587 (2015). Even when various statutory provisions are unambiguous, we are to consider them in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 919, 349 P.3d 469 (2015). Likewise, we must construe statutes to avoid unreasonable results and presume the legislature does not intend to enact meaningless legislation. *Milano's, Inc. v. Kansas Dept. of Labor*, 296 Kan. 497, 501, 293 P.3d 707 (2013).

*Interpretation of K.S.A. 2015 Supp. 44-510k(a)(3)*

Prior to 2011, the Kansas Workers Compensation Act, K.S.A. 44-501 *et seq.*, contained no statutory provision allowing an employer to terminate future medical benefits of an injured worker once the claim had been finally resolved. In 2011, however, the Kansas Legislature added the following subsection to K.S.A. 2015 Supp. 44-510k(a):

> "(3) If the claimant has not received medical treatment, as defined in subsection (e) of K.S.A. 44-510h, and amendments thereto, from an authorized health care provider within two years from the date of the award or two years from the date the claimant last received medical treatment from an authorized health care provider, the employer shall be permitted to make application under this section for permanent termination of future medical benefits. In such case, there shall be a presumption that no further medical care is needed as a result of the underlying injury. The presumption may be overcome by competent medical evidence."

At the same time, the legislature also amended K.S.A. 2015 Supp. 44-525(a). Prior to 2011, claims for future medical benefits were left open as a matter of right. In addition, workers compensation law was previously interpreted to allow a claimant to maintain his or her right to future medical benefits once they had been left open—even when there was no showing of a continuing need. See *Parker-Rouse v. Larned Healthcare Center*, No. 107,221, 2012 WL 5392155, at *6 (Kan. App. 2012) (unpublished opinion). However, after the 2011 amendments, K.S.A. 2015 Supp. 44-525(a) now provides that "[n]o award shall include the right to future medical treatment, unless it is proved by the claimant that it is more probable than not that future medical treatment . . . will be required as a result of the work-related injury."

Based on our reading of plain language of the current version of the Kansas Workers Compensation Act, we conclude that the legislature has expressed its intent that future medical benefits should not be automatically ordered or left open by enacting K.S.A. 2015 Supp. 44-525(a). Furthermore, the legislature has expressed its intent to

bring finality to the process in cases in which treatment from a health care provider is no longer needed by enacting K.S.A. 2015 Supp. 44-510k(a)(3). Moreover, reading these two statutes together, we find that the legislature intended to allow an employer to apply for the permanent termination of future medical benefits—when a claimant has not received treatment for 2 or more years—even if there was sufficient evidence presented at the time of the original award or settlement hearing to leave the issue of future medical benefits open.

From a procedural perspective, we find that K.S.A. 2015 Supp. 44-510k(a)(3) provides for a shifting burden of proof when an employer seeks permanent termination of future medical benefits. Initially, the burden of proof is on the employer to come forward with evidence that the claimant has failed to obtain treatment from a health care provider for a period of 2 years from the original award or from the last date upon which the claimant received medical treatment. Upon successfully meeting its burden, the employer is entitled to a statutory presumption "that no further medical care is needed as a result of the underlying injury." At that point, the burden of proof shifts to the claimant to attempt to overcome the statutory presumption.

In other words, once the presumption in favor of the employer comes into play, it is solely the claimant's burden to establish that "further medical care is needed as a result of the underlying injury." K.S.A. 2015 Supp. 44-510k(a)(3). The word "further" commonly means *additional* to what already exists, and the word "needed" commonly means *necessity* or *required*. See American Heritage Dictionary 713, 1178 (5th ed. 2011). Giving the words of K.S.A. 2015 Supp. 44-510k(a)(3) their ordinary meaning, we find that a claimant must therefore prove he or she still requires medical care in addition to that which has already been received as a consequence of his or her work-related injury.

Furthermore, K.S.A. 2015 Supp. 44-510k(a)(3) requires that a claimant may only overcome the statutory presumption by presenting "competent medical evidence."

8

Although the parties disagree whether K.S.A. 2015 Supp. 44-510k(a)(3) requires "new evidence" to overcome or rebut the presumption, they agree that the term "competent medical evidence" in the context of workers compensation would normally mean an opinion asserted by a health care provider that is expressed in terms of "reasonable degree of medical probability" or similar language. See *Webber v. Automotive Controls Corp.*, 272 Kan. 700, 705, 35 P.3d 788 (2001) (opinion of health care provider stated within a reasonable degree of medical certainty was sufficient competent evidence of causation in workers compensation case); accord *Redd v. Kansas Truck Center*, 291 Kan. 176, 179-80, 185, 239 P.3d 66 (2010). Accordingly, to overcome the presumption, a claimant must establish within a reasonable degree of medical probability or likelihood that medical treatment in addition to what has already been received will be needed in the future as a consequence of the work-related injury.

We agree with the Hospital that in many instances new competent medical evidence may be required to overcome the statutory presumption that no additional medical treatment is needed resulting from the underlying injury. For example, an updated evaluation of the claimant by a health care provider to determine within a reasonable degree of medical probability whether the claimant needs additional medical treatment due to the work-related injury would be sufficient new evidence. We do not agree, however, that this will be necessary in every case. In some cases, the original medical evidence may be sufficient to establish within a reasonable degree of medical probability or likelihood that medical care in addition to what has already been received will be needed in the future as a result of the underlying injury. For example, a claimant may need a medical device arising out of the work-related injury that will require replacement in 5 or 10 years. Accordingly, we find that the question of whether the medical evidence is competent to overcome the statutory presumption must be determined on a case-by-case basis.

*Application of K.S.A. 2015 Supp. 44-510k(a)(3)*

In the present case, it is undisputed that Clayton did not receive medical treatment resulting from her work-related injury within 2 years from the date of the settlement hearing. As a result, the Hospital was entitled to the "presumption that no further medical care is needed as a result of the underlying injury." K.S.A. 2015 Supp. 44-510k(a)(3). Moreover, it is undisputed that the burden of proof shifted to Clayton to establish by "competent medical evidence" to overcome or rebut the statutory presumption.

A review of the record reveals that the Board relied solely on the opinions stated in Dr. Shah's letter dated April 8, 2013—based on his evaluation of Clayton in March 2012—to conclude that she had overcome the statutory presumption that no further medical treatment was needed as a result of the underlying injury. The letter from Dr. Shah is not sworn to under oath and is based on a physical examination that was completed nearly 5 years ago. Although Dr. Shah believed at the time of the settlement hearing that it was likely that Clayton would need future medical care, the record does not reflect what his opinion might be today regarding whether there is a need for treatment in addition to what has already been received for the underlying injury. Thus, we do not find Dr. Shah's letter—in and of itself—to be sufficient to constitute competent medical evidence to overcome the statutory presumption under K.S.A. 2015 Supp. 44-510k(a)(3) that "no further medical care is needed as a result of the underlying injury."

Under the circumstances presented, we believe that the appropriate remedy is to reverse the Board's decision and to remand this matter for a new hearing on the Hospital's application and motion to terminate future medical benefits. At the new hearing, the burden of proof will be on Clayton to come forward with "competent medical evidence"—as that term is defined in this opinion—to overcome the presumption that no medical treatment is needed in addition to what has already been received as a consequence of her work-related injury suffered on October 6, 2011. In light of this

10

conclusion, we do not find it necessary to reach the issue of whether Clayton's counsel is entitled to attorney fees.

Reversed and remanded with directions.