NOT DESIGNATED FOR PUBLICATION

No. 116,184

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JASON E. WOODS,
*Appellant*,

v.

FARMERS INSURANCE GROUP, INC., Employer, and
TRUCK INSURANCE EXCHANGE, Insurer,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed April 7, 2017. Affirmed.

*Mark E. Kolich*, of Lenexa, for appellant.

*Kendra M. Oakes*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellees.

Before LEBEN, P.J., PIERRON and BRUNS, JJ.

LEBEN, J.:  Jason E. Woods appeals the decision of the Workers Compensation Board, which—after giving him a disability award for a knee injury suffered at work— denied his request for future medical treatment. The Board denied these benefits because the Workers Compensation Act now provides that the employer's duty to provide medical treatment ends when the injured worker reaches maximum medical improvement (which has happened here)—unless the worker shows it's more likely than not that additional treatment will be needed. The Board found that the doctor who examined Woods concluded that future medical treatment was merely a possibility, not a probability.

1

Woods argues on appeal that the statutory provision, which he says is tucked away in a procedural section of the statute, should not eliminate his right to medical treatment. But the statutory language is straightforward: "No award shall include the right to future medical treatment, unless it is proved by the claimant that it is more probable than not that future medical treatment . . . will be required as a result of the work-related injury." K.S.A. 2016 Supp. 44-525(a). The Board's conclusion that future medical treatment is merely a possibility, not a probability, is supported by the evidence and not contested by Woods. We therefore affirm the Board's decision.

FACTUAL AND PROCEDURAL HISTORY

The facts of this case are undisputed. Woods began working for Farmers Insurance in 2008. He initially worked in the office but later became an on-the-road adjuster who traveled throughout the United States to assess damage after catastrophic events.

In March 2013, Woods was inspecting a damaged roof in Alabama when it began to rain. As he climbed down the ladder, it slipped beneath him, causing him to fall onto a deck. The ladder then fell on top of him, striking his left knee. Woods told his employer about the accident a few days later; by then, his knee had swollen "up like a grapefruit."

Woods' employer referred him for medical care, and X-rays revealed a possible fracture. He saw doctors for the injury three times from May to July; the doctors then released him from medical care and allowed him to resume work duties without any physical restrictions.

In August 2013, Woods applied for an administrative hearing to determine what workers-compensation benefits he was entitled to. Shortly after that, Woods left Farmers Insurance for a position as an adjuster at another insurance company.

The next event of significance in the handling of Woods' workers-compensation claim came in February 2015, when the administrative law judge assigned to his case appointed Dr. Terrance Pratt—a physician who hadn't treated Woods—to independently assess the extent of Woods' disability for workers-compensation purposes. Dr. Pratt concluded that Woods had an 8% impairment of the left leg at the knee.

At the time of the examination, Woods reported that he had continuous pain in the knee and that it would give out with changes in the weather. Pratt addressed the need for future medical treatment in a supplemental written report:

> "At the time of the May 22, 2015 evaluation, [Woods] did not require additional active medical care. With the traumatic event and possibility of a fracture of the knee, if he develops any significant increase in symptoms, he will require physician reassessment with additional plain films ruling out posttraumatic degenerative-type changes. Otherwise, he would not require medical treatment based on the definition provided in the July 22, 2015 letter."

A hearing was held before the administrative law judge on August 6, 2015. Woods testified that he continued to experience sharp pain in his knee and that the knee would "go out sporadically" from prolonged walking or standing. He also testified that his knee would periodically give out while climbing ladders and that weather exacerbated his symptoms. Woods acknowledged that he had not received any treatment for his knee since July 2013 and did not take any prescribed medications for it.

Consistent with Dr. Pratt's impairment rating, the administrative law judge awarded compensation for the 8% impairment of the leg. The judge denied Woods' requested award for future medical treatment. The judge held that Woods was not entitled to such an award because he had not proven it was more probable than not that he would require additional treatment in the future.

Woods appealed that issue to the Workers Compensation Board. The Board affirmed the denial, concluding that Dr. Pratt's opinion regarding future medical treatment "[did] not satisfy [Woods'] statutory burden" to prove it was more probable than not that he would eventually require more treatment. One board member dissented because, in his view, Woods' persistent symptoms satisfied Dr. Pratt's assessment that if Woods' symptoms significantly increased, he would need further medical attention.

Woods then appealed to our court.

ANALYSIS

Woods argues that the Board erred in concluding he was not entitled to an award for future medical treatment. He contends that the Board, in denying his claim for future medical benefits, misinterpreted and misapplied the relevant statutory provisions.

Our review of decisions of the Board is governed by the Kansas Judicial Review Act, K.S.A. 77-601 *et seq.* See K.S.A. 2016 Supp. 44-556(a). Before the Board, "the claimant has the burden of proving his or her right to compensation." *Dirshe v. Cargill Meat Solutions Corp.*, 53 Kan. App. 2d 118, 119, 362 P.3d 484 (2016). On appeal to this court, the party claiming error has the burden to show it. K.S.A. 2016 Supp. 77-621(a)(1); *Dirshe*, 53 Kan. App. 2d at 119. Among other reasons, we can grant relief on appeal if the Board misapplied or misinterpreted the law. K.S.A. 2016 Supp. 77-621(c)(4); *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015). And we review legal questions involving the interpretation of a statute independently, with no required deference to the Board's interpretation. *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013); *Buchanan v. JM Staffing*, 52 Kan. App. 2d 943, 948, 379 P.3d 428 (2016).

4

Under the Kansas Workers Compensation Act, employers have always had a general duty to pay for medical services and treatments for work-related injuries; the present statute requires that they do so "as may be reasonably necessary to cure and relieve the employee from the effects of the injury." K.S.A. 2016 Supp. 44-510h(a). But some limits on the employer's duty were added by the legislature in 2011, when the Act was extensively amended. See *Moore v. Venture Corporation*, 51 Kan. App. 2d 132, 138, 343 P.3d 114 (2015).

One of the added provisions establishes a rebuttable presumption that an employer's duty to provide medical care ends when the employee reaches maximum medical improvement. L. 2011, ch. 55, § 11. Specifically, K.S.A. 2016 Supp. 44-510h(e) provides for awards of future medical treatment only if the employee proves "it is more probably true than not that additional medical treatment will be necessary":

> "It is presumed that the employer's obligation to provide the services of a health care provider, and such medical, surgical and hospital treatment . . . shall terminate upon the employee reaching maximum medical improvement. *Such presumption may be overcome with medical evidence that it is more probably true than not that additional medical treatment will be necessary after such time as the employee reaches maximum medical improvement.* The term 'medical treatment' as used in this subsection (e) means only that treatment provided or prescribed by a licensed health care provider and shall not include home exercise programs or over-the-counter medications." (Emphasis added.)

The legislature also restated this requirement in a separate section of the Workers Compensation Act that discusses the award to be made by the judge:

> "**Form of findings and awards; effective date.** (a) Every finding or award of compensation shall be in writing, signed and acknowledged by the administrative law judge . . . . *No award shall include the right to future medical treatment, unless it is proved by the claimant that it is more probable than not that future medical treatment, as defined in subsection (e) of K.S.A.* [2016 Supp.] *44-510h, and amendments thereto, will*

5

*be required as a result of the work-related injury*." (Emphasis added.) K.S.A. 2016 Supp.
44-525(a).

See L. 2011, ch. 55, § 18.

Woods did not satisfy his burden to prove that he was entitled to future medical benefits because the medical evidence—here, Dr. Pratt's assessment—proved only a *possibility* that future medical treatment would be required. K.S.A. 2016 Supp. 44-525(a) requires a claimant to prove it is more probable than not that future medical treatment will be required to be awarded such benefits. Even Woods concedes in his appellate brief that his case is one in which "the need for more care has not yet evolved from a possibility to a probability." Nevertheless, he argues that he should be entitled to an award for future medical benefits.

So what does Woods argue? First, he notes that there is no stated time limit on the employer's general duty to provide such medical treatment as may be reasonably necessary to cure and relieve the employee from the effects of the injury in K.S.A. 2016 Supp. 44-510h(a), the statutory subsection that states the general rule. Thus, the general duty to provide medical care is broadly stated. Second, he argues that K.S.A. 2016 Supp. 44-525(a) is just a procedural section—explaining the form of the findings the administrative judge must make—and a procedural section shouldn't override the worker's right to medical treatment for an on-the-job injury. Third, he argues that K.S.A. 2016 Supp. 44-510h(e) "simply establishes a presumption for the termination of an employer's obligation to provide medical treatment," and a mere presumption can't "permanently deprive an injured worker's right to future medical care . . . ."

We do not find these arguments persuasive. The two statutory sections referencing a requirement that the need for future medical treatment be more probable than not, K.S.A. 2016 Supp. 44-510h(e) and K.S.A. 2016 Supp. 44-525(a), use plain language and

6

are consistent with one another. Under these provisions, "[n]o award shall include the right to future medical treatment" unless "it is more probable than not that future medical treatment . . . will be required as a result of the work-related injury." K.S.A. 2016 Supp. 44-525(a). Consistent with that provision, K.S.A. 2016 Supp. 44-510h(e) established a presumption that future medical treatment "shall terminate" when the employee reached maximum medical improvement unless that presumption was "overcome with medical evidence that it is more probably true than not that additional medical treatment will be necessary."

The 2011 amendments to the Workers Compensation Act were significant in many ways, and these provisions represented a departure from prior law. Before the 2011 amendments, claims for future medical benefits were left open as a matter of right— meaning an award for compensation always included the possibility of future medical benefits. *Clayton v. University of Kansas Hosp. Auth.*, 53 Kan. App. 2d 376, 381, 388 P.3d 187 (2017); see also K.S.A. 44-510k(a) (pre-2011 version of statute authorizing an employee to request a hearing on post-award medical benefits "[a]t any time after the entry of an award for compensation"). As our court recognized in *Clayton*, "when the legislature revises an existing law, we presume that it intended to change the law as it existed prior to the amendment." 53 Kan. App. 2d at 380. Here, the legislature reversed the general policy that future medical benefits be left open to a general policy in which future medical benefits would not be available after maximum medical improvement unless the employee proved that the need for future treatment was probable.

In sum, the Board did not misinterpret or misapply these statutory provisions. Nor did the Board err in denying Woods' request for an award for future medical treatment. Under K.S.A. 2016 Supp. 44-525(a), an administrative law judge cannot award future medical treatment unless the claimant has proven it is more probable than not that future treatment will be required. Woods did not do so. We therefore affirm the Board's decision.