NOT DESIGNATED FOR PUBLICATION

No. 118,616

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PATRICIA STAPLES,
*Appellee*,

v.

ALLSTATE INSURANCE COMPANY

and

ARCH INSURANCE COMPANY,
*Appellants*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed September 7, 2018. Affirmed.

*Bruce R. Levine*, of Wiedner & McAuliffe, Ltd., of Overland Park, for appellants.

*Keith L. Mark*, of Mark & Burkhead, of Mission, for appellee.

Before MALONE, P.J., MCANANY and POWELL, JJ.

PER CURIAM:  Allstate Insurance Company and Arch Insurance Company (collectively, Allstate) appeal the Kansas Workers Compensation Board's (Board) finding that Patricia Staples' work duties were the prevailing factor in causing injuries to both of her hands. Ultimately, Allstate is seeking a reversal of Staples' permanent partial disability award. This case is a prime example of dueling experts:  two doctors opined that Staples' work duties merely aggravated old injuries while two other doctors found her job caused new injuries. The Kansas Workers Compensation Act (the Act) permits

1

recovery for new work-related injuries but prohibits recovery from aggravating existing injuries. Allstate claims that the Board misapplied the law when it found that Staples sustained a new injury and that substantial competent evidence does not support that finding. But the Board committed no error of law because it made a factual finding, as it is allowed to do. And because the record contains substantial competent evidence to support that factual finding, we affirm the Board's order.

FACTS

Staples has been employed by Allstate since 2001 as a senior claims processing specialist. She works on a computer for most of the day, prepares paperwork, and answers the phone, with most her time spent typing.

Around 2004 or 2005, Staples began having problems with her left hand, and she reported her injury to Allstate. She claimed that her repetitive job duties caused the injury, and Allstate accepted that her injury was work related. Allstate authorized treatment for the injury, and in 2006, several doctors treated Staples. She tried to manage the pain by using splints and anti-inflammatory medications. After these attempts failed to alleviate her pain, Staples opted for surgery. During that process, Staples brought a workers compensation claim against Allstate for her injury. She settled that claim in 2008. Following the settlement, Staples continued working for Allstate.

In 2013, Staples began experiencing a similar pain, but this time in both hands. The following year, she sought medical assistance from Dr. Michael Poppa, who determined that her complaints were work related. Staples told Allstate her concerns that the job caused the new injuries. Allstate directed her to seek medical treatment.

On December 30, 2014, Staples filed an application for hearing and an application for a preliminary hearing with the Division of Workers Compensation. Staples was

seeking workers compensation for the injuries to both of her hands. The primary issue was whether Staples' work duties were the prevailing factor in causing her injuries.

In early 2015, Staples saw Dr. Regina Nouhan from a list of doctors provided to her by Allstate. The record contains no reports or testimony from Nouhan, although other physicians' reports in the record have summarized Nouhan's evaluation. According to the other reports, Nouhan diagnosed Staples with osteoarthritis but provided no opinion on whether her work caused her injuries.

Dr. Dana Towle examined Staples on May 1, 2015. After a review of x-rays and observing her hands, Towle diagnosed Staples with osteoarthritis in both hands. Towle, though, concluded that Staples' work was not the prevailing factor in causing her injuries. Staples later voiced concerns over Towle's evaluation. She testified in her deposition that Towle spent less than five minutes with her, never touched her, refused to answer her questions, and only briefly glanced at her x-ray before leaving the room.

At Staples' preliminary hearing on May 13, 2015, the administrative law judge (ALJ) ordered an independent medical examination (IME) by Dr. Terrance Pratt. Pratt examined Staples on September 15, 2015. He, too, diagnosed Staples with osteoarthritis. Pratt opined that he could not state to a reasonable degree of medical certainty that Staples' job was the prevailing factor causing her hand injuries. To reach that conclusion, Pratt relied heavily on the American Medical Association (AMA) Guides.

Next, Dr. Allen Guinn examined Staples on April 29, 2016. Guinn diagnosed Staples with arthritis in her hands, but unlike Pratt and Towle, Guinn found Staples' work duties advanced the progression of her arthritis. Guinn reasoned that if Staples had not engaged in this type of work, her injuries would not be so advanced, making her employment the prevailing factor in causing her injuries.

Finally, at her attorney's request, Staples went back to Poppa in June 2016. As with the other doctors, Poppa performed a physical examination along with reviewing the other physicians' evaluations. Poppa concluded that Staples' work duties were the prevailing factor in causing her hand injuries.

The ALJ held a regular hearing on January 5, 2017. The parties stipulated to the admission of the medical reports of Poppa, Guinn, Towle, and Pratt, and no doctor ever testified in a deposition or in a hearing. The parties later deposed Staples on February 13, 2017, and her deposition transcript was submitted as evidence. Finally, on March 2, 2017, the parties deposed Casey Jensen, Staples' boss at Allstate. Jensen confirmed Staples' description of her work duties and his deposition transcript was submitted as evidence.

On April 25, 2017, the ALJ ruled that Staples' work duties were not the prevailing factor in causing her hand injuries. Under K.S.A. 2017 Supp. 44-508(f), which, in part, precludes compensation for aggravating an existing injury, the ALJ found that Staples' injuries were noncompensable because her injuries resulted from the natural aging process, i.e., osteoarthritis. In sorting out the differing medical opinions, the ALJ found Pratt's opinion to be the most persuasive because it was the result of an IME.

On May 3, 2017, Staples appealed the ALJ's ruling to the Board. Staples' main argument was that she had suffered a new injury, which meant her work-related injury was compensable. Allstate contended that Staples' work duties merely aggravated a preexisting condition, precluding recovery on her claim.

On October 27, 2017, the Board reversed the ALJ's decision on the compensability issue. The Board ruled that Allstate must compensate Staples for her injuries in both hands because the injuries arouse out of and in the course of employment. Unlike the ALJ who found Pratt's opinion to be the most persuasive, the Board was persuaded by Guinn

4

and Poppa. The Board found Poppa's opinion to be particularly reliable because he met with Staples on three separate occasions.

The Board did not place much weight on Towle's opinion because, according to Staples, he met with her for less than five minutes and never examined her or answered her questions. The Board also found Pratt's opinion problematic because he never expressly stated that Staples' work duties did not cause her injuries; he only concluded that he could not state to a reasonable degree of medical certainty that Staples' job was the prevailing factor causing her hand injuries. Finally, the Board disapproved of Pratt's use of the AMA Guides because the AMA Guides should be used to determine functional impairment rather than whether an injury occurred in the first place.

The Board remanded the case to the ALJ to determine the amount Allstate owed Staples for her injuries. On October 30, 2017, the ALJ ordered Allstate to pay Staples $69,022.80 for her permanent partial disability award. In reaching this figure, the ALJ adopted Poppa's disability rating and found Staples to have a 28 percent permanent partial disability. The ALJ also awarded Staples future medical benefits based on Poppa's and Guinn's medical reports.

On November 27, 2017, Allstate filed its petition for judicial review. In the petition for review, Allstate appealed only the Board's ruling that Staples' work duties were the prevailing factor in injuring both hands.

Allstate makes two claims on appeal. First, Allstate claims that the Board misapplied the law in concluding that Staples sustained a compensable work-related injury to both hands. Second, Allstate claims the Board's decision that Staples' injuries arose out of and in the course of employment is not supported by substantial competent evidence. We will address each claim in turn.

5

DID THE BOARD MISAPPLY THE LAW?

Allstate contends that the Board misapplied the law when it found that Staples suffered a new injury in both hands from her tasks at work, rather than the aggravation of preexisting injuries. Allstate takes particular issue with the Board's failure to cite K.S.A. 2017 Supp. 44-508(f)(2) in its order. Allstate argues that Staples' left hand injury is not compensable because the injury is the aggravation of an old injury, proven by the fact that Staples had settled a claim for a similar injury in her left hand.

The Act dictates that the Kansas Judicial Review Act (KJRA) defines the scope of judicial review of the Board's decision. See K.S.A. 2017 Supp. 44-556(a); *Rinke v. Bank of America*, 282 Kan. 746, 750, 148 P.3d 553 (2006). While the KJRA limits what is reviewable by courts, whether the Board erroneously interpreted or applied the law is reviewable. K.S.A. 2017 Supp. 77-621(c)(4). Whether the Board correctly applied a statute is a question of law subject to de novo review. *Clayton v. University of Kansas Hosp. Auth.*, 53 Kan. App. 2d 376, 379, 388 P.3d 187 (2017) (citing *Whaley v. Sharp*, 301 Kan. 192, 196, 343 P.3d 63 [2014]). Similarly, when this court interprets a statute, it has de novo review. *In re Tax Appeal of BHCMC*, 307 Kan. 154, 161, 408 P.3d 103 (2017). This court first attempts to interpret statutes through their plain language, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). Finally, as the party challenging the agency's actions, Allstate has the burden of proving the Board's actions were invalid. See K.S.A. 2017 Supp. 77-621(a)(1); *In re Equalization Appeal of Wagner*, 304 Kan. 587, 597, 372 P.3d 1226 (2016).

The Act requires that employers compensate employees when "an employee suffers personal injury by accident, repetitive trauma or occupational disease arising out of and in the course of employment." K.S.A. 2017 Supp. 44-501b(b). There are limits to what constitutes a compensable injury. "An injury is compensable only if it arises out of and in the course of employment. . . . An injury is not compensable solely because it

aggravates, accelerates or exacerbates a preexisting condition or renders a preexisting condition symptomatic." K.S.A. 2017 Supp. 44-508(f)(2). Most important here, whether an employee's injuries arise out of and in the course of employment is a question of fact. *Douglas v. Ad Astra Information Systems*, 296 Kan. 552, 559, 293 P.3d 723 (2013).

Allstate first claims that the Board misapplied K.S.A. 2017 Supp. 44-508(f)(2) by finding that Staples' work activities caused her injuries in both hands. Allstate frames this issue as one involving the law. In actuality, the issue is purely one of fact. See *Douglas*, 296 Kan. at 559.

Allstate's arguments show its mistaken framing of the issue. In concluding the Board misapplied K.S.A. 2017 Supp. 44-508(f)(2), Allstate supplies its interpretation of the statute, defining acceleration in particular, as well as pointing out that the Board never cited the statute. Allstate provides an intricate recitation of the evidence the Board relied on to find that Staples' work activities caused her injuries, claiming the evidence cannot support the Board's decision as a matter of law because it failed to address whether the work activities aggravated an old injury.

The heart of Allstate's position is really this: when some evidence suggests work activities aggravated an old injury, the law always prohibits recovery of a claim. But it is the Board's job to determine factual disputes as it sees fit. After all, appellate courts refrain from replacing the Board's view of the facts with its own. See *Williams v. Petromark Drilling*, 299 Kan. 792, Syl., 326 P.3d 1057 (2014) ("When the evidence on a workers compensation claim is not amenable to only one factual finding as a matter of law, an appellate court errs by deciding it in that way.").

No matter the interpretation of acceleration or lack of citing the statute, the Board found that Staples' work-related activities caused new injuries—as a matter of fact— based on the evidence. K.S.A. 2017 Supp. 44-508(f)(2) does not preclude recovery any

7

time some evidence suggests that an existing injury was exacerbated. That situation calls for a factual resolution. The fact that the Board resolved the case differently than the ALJ does not mean the Board misconstrued K.S.A. 2017 Supp. 44-508(f)(2). It only means that the Board saw the evidence differently than the ALJ. And because the Board reviews the record de novo, owing no deference to the ALJ's factual findings, it committed no error of law. See K.S.A. 2017 Supp. 44-551(l)(1); K.S.A. 2017 Supp. 44-555c(a); see also *Helms v. Pendergast*, 21 Kan. App. 2d 303, 309, 899 P.2d 501 (1995) ("The Board was within its jurisdiction to review the ALJ's order de novo on the record.").

Allstate urges this court to find *Krueger v. Kwik Shop, Inc.*, No. 113,418, 2016 WL 852938 (Kan. App. 2016) (unpublished opinion), persuasive on the matter. In that case, the ALJ concluded, among other things, that the claimant experienced an aggravation of an earlier injury, precluding compensation under K.S.A. 2017 Supp. 44-508(f)(2). The Board agreed. 2016 WL 852938, at *3. On appeal, this court also agreed that under K.S.A. 2017 Supp. 44-508(f)(2), the claimant's injury was not compensable. This court affirmed the Board's decision because substantial competent evidence supported the Board's conclusion that the claimant's injury was solely the aggravation of a preexisting condition. 2016 WL 852938, at *6.

*Krueger* does not help Allstate's case. *Krueger* holds only that K.S.A. 2017 Supp. 44-508(f)(2) means what it says. But *Krueger* cannot be read to mean that anytime some evidence suggests an old injury was aggravated, the injury is never compensable as a matter of law. When the Board is confronted with conflicting evidence about whether a claimant sustained a new injury or an existing injury was exacerbated, the Board must settle the dispute as a matter of fact, as the Board did here.

Allstate takes particular issue with the Board's failure to cite K.S.A. 2017 Supp. 44-508(f)(2) in its order. We are not concerned with the Board's lack of citation to the statute. While the Board never cited the statute, it did refer to the language in the statute

8

in its order, specifically the language that a claimant's injury must arise out of and in the course of employment to be compensable. By using that language throughout its order, the Board effectively relied on K.S.A. 2017 Supp. 44-508(f)(2) in ruling on the matter.

Allstate next asserts that the Board's reading of Guinn's opinion reveals its misapplication of K.S.A. 2017 Supp. 44-508(f)(2). Guinn stated that "[Staples'] work should be considered the prevailing factor in the causation of the advanced progression of her thumb CMC arthritis." Allstate claims that the language "advanced progression" shows that Staples' work aggravated an old injury. In turn, Allstate continues, the Board could not have properly applied K.S.A. 2017 Supp. 44-508(f)(2). Yet again, the Board made a factual determination. We will not parse every word in the Board's thorough evaluation of the evidence. The Board regarded Guinn's statement as evidence that "[Staples'] work activities caused her condition." This factual determination does not mean that the Board wrongly applied the law. See *Douglas*, 296 Kan. at 559.

Finally, Allstate argues that even if the right hand injury is compensable, any injury Staples sustained to her left hand is not. Allstate points out that in 2005 Staples settled a similar claim for similar injuries to her left hand, advocating this proves aggravation of a preexisting condition. Allstate also contends that Staples failed to present evidence that her left hand injury was a new injury. Allstate again claims the Board misapplied K.S.A. 2017 Supp. 44-508(f)(2), an error of law.

Once more, the Board committed no error of law. It found that Staples suffered a new injury in her left hand as a matter of fact. See *Douglas*, 296 Kan. at 559. In doing so, the Board did not misapply K.S.A. 2017 Supp. 44-508(f)(2). So long as the Board's decision is supported by substantial competent evidence, the decision should be upheld. We will now turn to that issue.

9

Allstate argues that Staples' injuries did not arise out of and in the course of employment. More specifically, Allstate argues that the evidence is insufficient to find that Staples' work activities were the prevailing factor in causing her injuries because she merely aggravated existing injuries.

To reiterate, whether an employee's injuries arose out of and in the course of employment is a question of fact. *Douglas*, 296 Kan. at 559. Under the KJRA, appellate courts review questions of fact to determine if they are supported by substantial competence evidence in light of the record as a whole. K.S.A. 2017 Supp. 77-621(c)(7). "Substantial competent evidence possesses both relevance and substance and provides a substantial basis of fact from which the issues can be reasonably determined." *Wagner*, 304 Kan. at 599. "This analysis requires the court to (1) review evidence both supporting and contradicting the agency's findings; (2) examine the presiding officer's credibility determination, if any; and (3) review the agency's explanation as to why the evidence supports its findings." *Williams*, 299 Kan. at 795. Still, in reviewing the evidence in light of the record as a whole, the court shall not reweigh the evidence or engage in de novo review. See K.S.A. 2017 Supp. 77-621(d).

This case consisted of dueling experts. Two physicians, Guinn and Poppa, opined that Staples' work activities were the prevailing factor in causing her injuries while the other two physicians, Pratt and Towle, did not. The Board was persuaded by Guinn and Poppa, unlike the ALJ who found Pratt to be the most credible expert witness. Because the ALJ did not personally observe the demeanor of any of the witnesses, and the evidence here consisted entirely of admitted reports and depositions, the Board and the ALJ were each in the same position to evaluate the evidence. Under this scenario, the Board owes the ALJ no deference on any credibility determinations the ALJ made from the record. See K.S.A. 2017 Supp. 77-621(d); see also *Lake v. Jessee Trucking*, 49 Kan.

10

App. 2d 820, Syl. ¶ 3, 316 P.3d 796 (2013) (holding that the Board should explain its reasons for disagreeing with the ALJ's credibility findings when the ALJ made credibility findings about a witness who appeared *in person* before that ALJ).

The Board's order is supported by substantial competent evidence in light of the record as a whole. In their reports, Guinn and Poppa concluded that the repetitive tasks Staples performed at work were the primary factor causing her injuries in each hand. They also detailed their examinations and methodologies used in reaching their conclusions. These reports, included in the record, amount to substantial competent evidence that the injuries in both hands "arose out of" Staples' employment.

Substantial competent evidence also supports the Board's finding that Staples' injuries occurred "in the course of" her employment. Guinn opined that repetitive tasks, such as typing, stapling, and answering the phone, led to Staples' hand injuries. In her deposition, Staples testified that those tasks were her predominate work duties. Jensen confirmed Staples' testimony in his deposition. Towle and Pratt never disputed what duties Staples performed at work. Instead, they disputed only that these duties were not the prevailing factor leading to the hand injuries.

Allstate asserts that Poppa's report is so deficient that it cannot be considered substantial competent evidence. But this court will not reweigh the evidence on appeal. See K.S.A. 2017 Supp. 77-621(d). In his report, Poppa concluded that Staples' work caused her injuries, along with an account of his examination leading to that conclusion. Plus, the record includes several diagnostic materials used by Poppa, all supporting his conclusion. Indeed, the Board found Poppa's opinion to be particularly reliable because, as the record supports, he met with Staples on three occasions.

While the Board owed no deference to the ALJ's credibility determination about Pratt, or Towle for that matter, the Board explained its reasons for finding Guinn and

11

Poppa more credible. The Board did not place much weight on Towle's opinion because he met with Staples for less than five minutes and never examined her or answered her questions; Staples' deposition supports the Board's reasoning. The Board then found Pratt's opinion problematic because he concluded that he could not state to reasonable degree of medical certainty that Staples' job was the prevailing factor causing her hand injuries. But Pratt never said that Staples' job did not cause her injuries. Finally, under K.S.A. 2017 Supp. 44-508(u), the Board disapproved of Pratt's use of the AMA Guides because the guides should be used to determine functional impairment rather than whether an injury occurred in the first place.

The Board faced conflicting evidence and found as a matter of fact that Staples incurred new injuries to both hands arising out of and in the course of her employment. After reviewing the Board's findings in light of the record as a whole, including evidence both supporting and contradicting the findings, we conclude that the Board's order was supported by substantial competent evidence.

Affirmed.