No. 107,776

JANET WHALEY, Coexecutor of the Estate of ANN L. KRIER, Deceased, *Appellant*, v. CHAD E. SHARP, M.D. *Appellee*. JANET WHALEY, SURVIVING ADULT DAUGHTER and HEIR-AT-LAW OF ANN L. KRIER, DECEASED, *Appellant*, v. CHAD E. SHARP, M.D., *Appellee*.

(343 P.3d 63)

Opinion filed December 24, 2014.

*Lynn R. Johnson*, of Shamberg, Johnson, Bergman, Chtd., of Kansas City, Missouri, argued the cause, and *David R. Morantz*, of the same firm, was with him on the briefs for appellant.

*Jerry D. Hawkins*, of Hite, Fanning & Honeyman L.L.P., of Wichita, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

Biles, J.: It is well established that anyone wishing to bring a lawsuit against a municipality under the Kansas Tort Claims, K.S.A. 75-6101 *et seq*., must give that municipality prior written notice of the claim. K.S.A. 2013 Supp. 12-105b(d); *Sleeth v. Sedan City Hos-*

*pital*, 298 Kan. 853, 317 P.3d 783 (2014); *Continental Western Ins. Co. v. Shultz*, 297 Kan. 769, 304 P.3d 1239 (2013). This case questions whether that statutory notice is required when the lawsuit is filed only against a municipal employee. We hold notice is not required. We reverse the Court of Appeals majority, which held to the contrary. *Whaley v. Sharp*, No. 107,776, 2013 WL 1149750, at *1 (Kan. App. 2013) (unpublished opinion). The case is remanded to the district court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2008, Ann Krier sought treatment in the emergency department of Ashland Health Center (Ashland). Dr. Chad Sharp, M.D., and Jonathan Bigler, a physician's assistant, cared for her. Ashland is a municipal hospital that employed both Sharp and Bigler. The day after being admitted, Krier died in transit to Wichita for further treatment.

Janet Whaley, Krier's adult daughter, was appointed coexecutor for the estate. On May 6, 2010, Whaley's attorneys submitted a notice of claim to Ashland, referencing K.S.A. 12-105b(d), asserting claims against the hospital for the alleged negligence of its employees, including nursing staff, Sharp, and Bigler. This notice alleged negligence by these hospital employees and claimed the hospital was negligent in hiring, credentialing, supervising, and retaining Sharp. Whaley demanded combined damages of $1,250,000.

On May 10, 2010, just 4 days after submitting the notice of claim to the hospital, Whaley commenced two lawsuits, each naming Sharp and Bigler as defendants. The first was a wrongful death action filed in Whaley's capacity as coexecutor. The second was a survivor action filed in her individual capacity. Both claims have a 2-year statute of limitations, which were about to expire. See K.S.A. 60-513(a)(5),(a)(7). The lawsuits alleged Sharp negligently misdiagnosed Krier's condition and that Sharp and Bigler negligently managed and treated her. The hospital was not named as a defendant. The suits against Bigler were later dismissed with prejudice for reasons not appearing in the record.

Sharp moved for summary judgment, arguing Whaley failed to comply with the notice requirements in K.S.A. 2013 Supp. 12-105b by not waiting to file the lawsuits until the statutorily required time had elapsed after submitting the written notice to the hospital. See K.S.A. 2013 Supp. 12-105b(d) ("Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first."); *Sleeth*, 298 Kan. at 870-71 (statute gives municipality 120 days after notice to investigate and review claims before a lawsuit may be filed against it, unless the municipality denies the claim earlier. A court lacks subject matter jurisdiction over a prematurely filed lawsuit.).

Whaley responded that compliance with the 120-day rule was not necessary because the statute's plain language did not require notice prior to suing a municipal employee—as distinguished from a municipality. She further noted Ashland could not be liable for Sharp's alleged negligence under K.S.A. 40-3403, which eliminates vicarious liability among health care providers as part of the Health Care Provider Insurance Availability Act, K.S.A. 40-3401 *et seq*. The parties stipulated that both Sharp and the hospital were health care providers under the applicable law.

The district court granted summary judgment to Sharp in both suits, ruling that Whaley was required to comply with the statutory notice requirements and the waiting period mandated by K.S.A. 2013 Supp. 12-105b(d). In doing so, the court relied on *King v. Pimentel*, 20 Kan. App. 2d 579, 890 P.2d 1217 (1995). In that case, a Court of Appeals panel held that compliance with the statutory requirements was a prerequisite to filing suit against a municipal employee for acts within the scope of employment. *King*, 20 Kan. App. 2d at 590. Whaley appealed.

A divided Court of Appeals panel affirmed the district court. The panel majority agreed *King* resolved the case. It also rejected Whaley's bid to overrule *King*, reasoning that the legislature had not acted in response to *King* and because numerous subsequent cases in state and federal courts had relied on *King* in suits against municipal employees. In addition, the panel majority believed

*King's* statutory interpretation served all litigants well because it gave claimants the benefit of the statute of limitations tolling provisions, as well as allowing municipalities an opportunity to review and investigate claims against their employees before being entangled in litigation. See K.S.A. 2013 Supp. 12-105b(d). Finally, the panel majority argued reversing *King* could require some plaintiffs to bring separate tort claims actions—one against the municipal employee and the other against the municipality. *Whaley*, 2013 WL 1149750, at *4-5.

The panel majority also rejected Whaley's alternative argument that the notice requirement did not apply because Ashland was not vicariously liable for Sharp's acts under state law. *Whaley*, 2013 WL 1149750, at *6.

Chief Judge Thomas E. Malone dissented. He argued K.S.A. 2013 Supp. 12-105b's plain language does not require notice before filing suit against a municipal employee. He relied on *Bradford v. Mahon*, 219 Kan. 450, 548 P.2d 1223 (1976), a case decided before the Kansas Tort Claims Act was enacted, which held that a previous, but similar, statute did not require notice before suing municipal employees. He further argued this outcome was justified in this case because Ashland could not be vicariously liable for Sharp's acts. *Whaley*, 2013 WL 1149750, at *7.

Whaley timely petitioned this court for review, which we granted. Jurisdiction is appropriate under K.S.A. 60-2101(b) (jurisdiction over appeal in which party has petitioned for review of Court of Appeals decision). We reverse the panel majority and remand to the district court for further proceedings.

## K.S.A. 2013 Supp. 12-105b(d) Does Not Apply

Whaley argues K.S.A. 2013 Supp. 12-105b(d)'s notice requirement plainly does not apply to suits against municipal employees because the statute is silent in that regard. Sharp argues the statute may be extended to any lawsuit against a municipal employee for acts within the employee's scope of employment—even if the municipality is not named a defendant.

The relevant facts are undisputed. The question is whether, as a matter of law, Whaley was obligated to satisfy K.S.A. 2013 Supp.

12-105b(d) before commencing these lawsuits against Sharp. See K.S.A. 2013 Supp. 60-256(c)(2) (summary judgment appropriate when no disputed material facts and movant entitled to judgment as a matter of law). Resolving this issue requires the court to interpret K.S.A. 2013 Supp. 12-105b.

*Standard of Review*

Statutory interpretation is a question of law subject to de novo review. *In re A.M.M.-H.*, 300 Kan. 532, 535, 331 P.3d 775 (2014). When interpreting a statute, the court first attempts to discern the legislature's intent through the language enacted, giving common words their ordinary meanings. When statutory language is plain and unambiguous, the court does not speculate as to legislative intent, and does not read into the statute words not readily found there. It is only when the language is unclear or ambiguous that the court employs the canons of statutory construction, consults legislative history, or considers other background information to ascertain the statute's meaning. 300 Kan. at 535.

*Analysis*

A person bringing a claim against a municipality under the Kansas Tort Claims Act (KTCA) must provide that municipality with prior written notice of the claim. *Sleeth*, 298 Kan. at 863; *Dodge City Implement, Inc., v. Board of Barber County Comm'rs*, 288 Kan. 619, 639, 205 P.3d 1265 (2009). Notice is a prerequisite to filing an action against a municipality. *Sleeth*, 298 Kan. at 863. The statute provides:

"(a) All claims against a municipality must be presented in writing with a full account of the items, and no claim shall be allowed except in accordance with the provisions of this section. A claim may be the usual statement of account of the vendor or party rendering a service or other written statement showing the required information.

. . . .

"(d) Any person having a claim against a municipality which could give rise to an action brought under the Kansas Tort Claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of

the claim, including the date, time, place, and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim. The contents of such notice shall not be admissible in any subsequent action arising out of the claim. Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action." K.S.A. 2013 Supp. 12-105b.

And as used in the statute:

"(a) 'Municipality' means and includes . . . city, county or district hospital . . . and including their boards, bureaus, commissions, committees, and other agencies, such as, but not limited to . . . hospital board of trustees having power to create indebtedness and make payment of the same independently of the parent unit.

. . . .

"(c) 'Claim' means the document relating to and stating an amount owing to the claimant by a municipality for material or service furnished to the municipality, or some action taken by or for the municipality and for which the municipality may or may not be responsible in a liquidated or an unliquidated amount. A claim is liquidated when the amount due or to become due is made certain by agreement of the parties or is fixed by law." K.S.A. 2013 Supp. 12-105a.

Compliance with K.S.A. 2013 Supp. 12-105b(d) is required before a court has subject matter jurisdiction over a tort claim against a municipality. *Sleeth*, 298 Kan. at 871 (holding 120-day review period after receiving notice of claim could not be waived by municipality's failure to raise noncompliance with the statute as an affirmative defense); see *Dodge City Implement*, 288 Kan. at 639 (stating notice is a prerequisite to jurisdiction over municipality). Two cases, *Bradford* and *King*, are relevant.

*Bradford* was decided by this court before the KTCA was enacted. In that case, plaintiff sued a police officer for libel allegedly contained in a written police report.' 219 Kan. 451. The officer argued plaintiff failed to plead in his petition compliance with the now-repealed K.S.A. 12-105, which provided:

" 'No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within six (6) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received, the circumstances relating thereto and a demand for settlement and payment of damages: . . .' " 219 Kan. at 453.

The *Bradford* court rejected the officer's argument, holding the notice requirement applied only to tort claims against municipalities, and was "not a condition precedent to bringing an action against a police officer, even though said officer was engaged in the performance of a governmental function." 219 Kan. at 453. Failure to comply with the statute did not bar the suit because plaintiff's cause of action was against the officer, not the municipality. 219 Kan. at 453.

In *King*, a contractor sued the City of Topeka, a building inspector, and the inspector's supervisors after being prosecuted in municipal court for building code violations. Prior to filing suit, the contractor filed a claim against the city pursuant to K.S.A. 12-105b(d); but by the time the city denied the claim, the statute of limitations for the claims against the individual defendants had run, so the defendants moved for summary judgment on that basis. King argued the statute of limitations tolled under K.S.A. 12-105b(d) while the city considered his notice of claim. 20 Kan. App. 2d 580-87.

Relying on *Bradford,* the district court ruled the statute only applied to claims against municipalities, so the tolling provision did not extend the time to file suit against the individual defendants. The contractor appealed, and the Court of Appeals reversed, holding K.S.A. 12-105b(d) applied to claims against both municipalities and municipal employees acting within the scope of their employment. It distinguished *Bradford,* citing subsequent changes to the law governing municipal liability under the KTCA and the fact that

the notice statute at issue in *Bradford* was repealed and replaced by K.S.A. 12-105b(d). 20 Kan. App. 2d at 588-89.

But the *King* panel conceded that "a strict interpretation of K.S.A. 12-105b(d) support[ed] the trial court's conclusion the notice of claim requirement applies only to claims against a municipality and not municipal employees." 20 Kan. App. 2d at 589. Nevertheless, it determined "the statutory language also permit[ted] a broader interpretation." 20 Kan. App. 2d at 589. The *King* court then observed that the KTCA generally imposes liability on governmental entities for employees' tortious conduct and generally obligates governmental entities to defend and indemnify their employees against damages for which the governmental entity is liable under the act. It also noted the statute allows municipalities to review and investigate claims before having to litigate them. 20 Kan. App. 2d at 589-90.

Based on this, the *King* court held the legislature intended the notice requirement apply to suits against employees in addition to suits against municipalities themselves. And to bolster this conclusion, it observed that its statutory interpretation "eliminate[d] the necessity of bringing two separate KTCA actions, one against the municipality and one against individual municipal employees when, as here, the statute of limitations period expires before the municipality has responded to the notice of claim." 20 Kan. App. 2d at 590.

What is obvious about *King* is that it started out on the right path, following the rules of statutory interpretation. The panel admitted the statute's literal language exempts municipal employees from the notice requirement. It then went astray by adopting a "broader interpretation" of the statute based on the panel's perceived public policy considerations. 20 Kan. App. 2d at 589. But the plain language chosen by the legislature governs unless there is an ambiguity, and we leave policy determinations to the legislature. Appellate courts do "not decide nor weigh the beneficial results flowing from any particular legislative policy." *Manzanares v. Bell*, 214 Kan. 589, 603, 522 P.2d 1291 (1974).

Whaley's argument that the plain language of K.S.A. 2013 Supp. 12-105b does not encompass the lawsuits against Sharp is sup-

ported by the statute and the definitions associated with that language. Notably, the legislature limits K.S.A. 2013 Supp. 12-105b(a)'s notice requirements to *"claims against a municipality."* (Emphasis added.) Similarly, K.S.A. 2013 Supp. 12-105b(d) prefaces its requirements by stating: "Any person having *a claim against a municipality* which could give rise to an action brought under the [KTCA]." (Emphasis added.) And the jurisdictional bar in that same subsection prohibits only "an action *against a municipality* unless the claim has been denied in whole or part." (Emphasis added.) K.S.A. 2013 Supp. 12-105b(d). Also, the statutorily defined term "municipality" does not include municipal employees. See K.S.A. 2013 Supp. 12-105a(a). And K.S.A. 2013 Supp. 12-105a(c) defines "claim" as monetary demands for an "amount *owing to the claimant by a municipality* for . . . some action taken by or for the municipality and for which the municipality may or may not be responsible in a liquidated or an unliquidated amount."

Sharp's contention is that broad language in K.S.A. 2013 Supp. 12-105b(d) renders it ambiguous. For this, he relies principally on the statute's command in the subsection that reads: "Once notice of the claim is filed, *no action shall be commenced* until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first." (Emphasis added.) The panel majority seemed to agree, determining that the "no action" language permits the statutory construction imputing the notice requirement in K.S.A. 2013 Supp. 12-105b(d) to suits against municipal employees. The panel majority stated:

" 'no action' means just that—no action. Accordingly, the statute mandated that Whaley commence 'no action' until [Ashland] denied her notice of claim or until 120 days had expired. This would include no action against [Ashland], Dr. Sharp, Bigler, or any other employee that Whaley identified in the notice of claim as being involved in the incident giving rise to the claim." 2013 WL 1149750, at *6.

But the panel majority's construction is not a natural reading of the statute because the panel majority must add language not found in the statute to reach its outcome. In particular, it arbitrarily defines "no action" to encompass any action against any municipal employee identified in a notice of claim.

K.S.A. 2013 Supp. 12-105b(d) is replete with references to "claims against the municipality" as being the sole subject of its requirements, including this sentence which is found just after the "no action" term relied on by the panel majority that states: "No person may initiate *an action against a municipality* unless the claim has been denied in whole or in part." (Emphasis added). The term "no action" cannot be expanded to include lawsuits against municipal employees when that term is found within a statutory subsection so plainly applicable only to lawsuits against municipalities. Any broader reading removes the term's meaning from the context in which it is used. Nothing in the statute indicates its requirements were meant to apply to anything other than lawsuits against municipalities themselves.

Sharp also finds support in the term "any action" used in K.S.A. 2013 Supp. 12-105b(d) as follows: "Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action." But this phrase in the statute's tolling provisions creates no ambiguity about application of the statute's notice requirement because it does not purport to address what lawsuits are subject to that requirement.

We hold the jurisdictional bar in K.S.A. 2013 Supp. 12-105b(d) unambiguously applies only to lawsuits against municipalities. Failure to comply with the statute does not deprive a district court of jurisdiction over a lawsuit against a municipal employee.

Our decision necessarily overrules *King*, which based its conclusion as to the legislature's intended meaning of K.S.A. 12-105b on: (1) the statute's purpose of affording municipalities opportunity to review and investigate claims before having to litigate them; (2) the liability municipalities face for employees' torts, including municipalities' statutory duty to defend and indemnify employees for damages for which the municipality is liable under the act; and (3) the panel's belief that its construction eliminated the need to bring two separate KTCA actions, one against the employee and one against the municipality. 20 Kan. App. 2d at 589-90. The *King*

panel's exercise in statutory interpretation was inappropriate given the lack of ambiguity in the statutory provisions.

The panel majority in this case erred by continuing to follow *King*'s public policy-driven path. Our result makes it unnecessary to consider Whaley's alternative argument that was based on the lack of vicarious liability under the Health Care Provider Insurance Availability Act, K.S.A. 40-3401 *et seq*.

The Court of Appeals decision affirming the district court's judgment is reversed. The case is remanded to the district court for further proceedings.

MICHAEL J. MALONE, Senior Judge, assigned.