No. 116,666

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LEAF FUNDING INC.,
*Appellee*,

v.

SIMMONS MEDICAL CLINIC
and
MICHAEL SIMMONS,
*Appellants*.

SYLLABUS BY THE COURT

1.

K.S.A. 60-2313(a)(1) exempts from garnishment funds attributable to pension, annuity, retirement, disability, death, or other benefits received pursuant to the statutes specified in the subsection.

2.

Funds attributable to private disability insurance benefits are not exempt from garnishment under K.S.A. 60-2313(a)(1).

Appeal from Crawford District Court; A. J. WACHTER, JR., judge. Opinion filed June 30, 2017. Affirmed.

*Kyle M. Fleming*, of The Fleming Law Firm, LLC, of Pittsburg, for appellants.

*Richard J. Raimond*, of Goodell, Stratton, Edmonds & Palmer, LLP, of Topeka, for appellee.

1

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

HEBERT, J.:  Michael Simmons appeals from the determination of the district court that funds attributable to his private disability insurance benefits are not exempt from garnishment under K.S.A. 60-2313(a)(1). Our review of the plain language of the statute confirms the district court was correct, and we affirm the judgment.

*Factual and Procedural Background*

In 2010, Leaf Funding Inc., (Leaf Funding) obtained a $120,324.59 default judgment against Simmons in the United States District Court for the District of Delaware. On August 12, 2010, Leaf Funding filed a notice of the foreign judgment in Crawford County District Court, Case No. 2010MV36P.

On March 25, 2016, Leaf Funding filed a motion to revive the judgment, which was granted by the district court on May 11, 2016. On June 17, 2016, Leaf Funding filed requests for garnishment on two banks in Girard, Kansas:  Community National Bank and Girard National Bank. On June 24, 2016, the district court issued the orders of garnishment. Community National Bank answered the garnishment, stating it held $12,133.92 of nonearnings money in accounts owned by Simmons in joint tenancy. Girard National Bank answered that it held $3,021.23 in an account owned by Simmons.

On July 12, 2016, Simmons filed an objection and request for hearing. He argued: (1) He had never received notice of the underlying lawsuit in Delaware; (2) the funds obtained through garnishment were exempt Social Security disability benefits; and (3) one of the accounts that was garnished belonged wholly to his daughter.

The district court held a hearing on Simmons' objection on July 29, 2016. Simmons' attorney explained that there were four bank accounts at issue—one business

2

account at Girard National Bank and three personal accounts at Community National Bank. Simmons conceded that he had no legal basis for the business account to be exempt from garnishment. He also clarified that the disability insurance proceeds that he was claiming were exempt from garnishment were private disability insurance benefits and not Social Security disability benefits. The three personal accounts held the following amounts: $161.99; $11,469.75; and $502.18. Simmons argued that all of the money in the first two accounts came from his private disability insurance policy, which he claimed was exempt under K.S.A. 60-2313. The bank statements showed that the money was from Northwestern Mutual. The third account, he argued, was also exempt because the funds in it belonged to his daughter.

Leaf Funding argued that the private disability benefits Simmons had received were not exempt from garnishment under K.S.A. 60-2313. Leaf Funding also argued that the account that Simmons claimed was owned by his daughter was actually owned by both his daughter and Simmons as joint tenants, so there was a rebuttable presumption of a 50/50 split between them.

Simmons testified at the hearing that he was the sole owner of Simmons Medical Clinic and that he received approximately $7,300 each month in private disability income from Northwestern Mutual, which was deposited into the savings account. He then transferred some of the funds into the checking account to use to pay for his personal expenses. He also testified that some of the money in the checking account was money he received from selling items on eBay and identified these transactions on his bank statement.

Simmons also testified that the only deposit ever made into the joint tenancy account with his daughter was from money she received from a life insurance policy after his father passed away, and that he was only a joint tenant on the account because his daughter was a minor when she received the funds.

3

After the parties presented their evidence, the district court made a finding that the Community National Bank account held jointly with Simmons' daughter was solely her money and was not subject to garnishment. Simmons did not have a reason for exempting the business account at Girard National Bank, so it was ordered to be paid. The district court then allowed each party 10 days to file briefs on the issue of whether the funds in the checking and savings accounts attributable to the disability policy should be exempt.

The parties filed their briefs, and on August 19, 2016, the district court held that Simmons' private disability insurance benefits were subject to garnishment under Kansas law. The district court determined that K.S.A. 60-2313(a)(1) was not ambiguous and that the legislature clearly intended to exempt only the benefits mentioned in the statutes listed within the subsection.

*Funds derived from private disability insurance benefits are not exempt from garnishment under K.S.A. 60-2313(a)(1).*

Simmons argues the district court erred in finding the funds distributed from his disability account were not exempt from seizure under K.S.A. 60-2313(a)(1). Determining whether the statute exempts the funds in Simmons' bank accounts requires statutory interpretation, which is a question of law over which this court has unlimited review. See *Decker & Mattison Co. v. Wilson*, 273 Kan. 402, 404, 44 P.3d 341 (2002). Simmons has the burden of proving that some or all of the funds contained in his bank accounts are exempt from garnishment. See K.S.A. 2016 Supp. 60-735(c).

K.S.A. 60-724(3) states: "No judgment shall be rendered in garnishment by reason of the garnishee . . . holding moneys or property exempt by law, or the proceeds therefrom." Exemptions are covered in Article 23 of the Kansas Code of Civil Procedure. K.S.A. 60-2313(a)(1) provides:

4

"Except to the extent otherwise provided by law, every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state:

"(1) Any pension, annuity, retirement, disability, death or other benefit exempt from process pursuant to K.S.A. 12-111a, 12-5005, 13-1246a, 13-14,102, 13-14a10, 14-10a10, 20-2618, 72-1768, 72-5526, 74-4923, 74-4978g, 74-49,105 or 74-49,106, and amendments thereto."

The Kansas Supreme Court held that funds coming from an exempt source that are deposited into a savings account and then converted to a certificate of deposit (CD) are still exempt if the funds are readily identifiable to the exempt award. *Decker*, 273 Kan. 402, Syl. ¶ 3. "[I]t is evident that money which has been converted into a CD retains the quality of money such that an exemption which originally protected the money will protect the certificate as well." 273 Kan. at 409.

Neither party argues that the disability payments Simmons received were the type mentioned in any of the statutes listed in this subsection, which include benefits available to Kansas police and fire department employees, Kansas public utilities or municipalities employees, judges, and court reporters as well as benefits under school supplemental retirement programs or the State School Retirement System and the Kansas Public Employees Retirement System. Several of these types of benefits also include benefits for disability. See K.S.A. 20-2609 (providing disability benefits for Kansas judges and exempt under K.S.A. 2016 Supp. 20-2618); K.S.A. 2016 Supp. 74-4927 (providing disability benefits for Kansas public employees and exempt under K.S.A. 2016 Supp. 74-4923); K.S.A. 2016 Supp. 74-4960 (providing disability benefits for Kansas police and fire department employees and exempt under K.S.A. 74-4978g).

The principles of statutory construction are well established:

"When a statute is plain and unambiguous, a court must give effect to its express language, rather than determine what the law should or should not be. *Graham v. Dokter Trucking Group*, 284 Kan. 547, 554, 161 P.3d 695 (2007). We determine legislative intent by first applying the meaning of the statute's text to the specific situation in controversy. See *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014) (first task in construing statute is to ascertain legislative intent through analysis of language employed, giving ordinary words their ordinary meanings). A court does not read into the statute words not readily found there. *Whaley* [*v. Sharp*], 301 Kan. [192, 196, 343 P.3d 63 (2014)]; *Graham*, 284 Kan. at 554; see *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, 525, 154 P.3d 494 (2007). When the language is unclear or ambiguous, the court employs the canons of statutory construction, consults legislative history, or considers other background information to ascertain the statute's meaning. *Whaley*, 301 Kan. at 196." *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015).

Simmons argues that the legislature would not have included the word *any* before the generic list of benefits if it had intended to exempt only the benefits in the listed statutes at the end of the subsection. He maintains that the legislature's intent to include all pension, annuity, retirement, disability, or death benefits as exempt is expressed through its clear and basic language.

Simmons admits that there are no Kansas cases deciding this issue. To support his contention that private benefits have been exempted under K.S.A. 60-2313(a)(1), he cites two unpublished opinions from the United States Bankruptcy Court for the District of Kansas: *In re Garcia*, No. 10-21535, 2011 WL 482838, at *2 (Bankr. D. Kan. 2011) (unpublished opinion), and *In re Wagner*, No. 08-40806-7, 2009 WL 1851100, at *3 (Bankr. D. Kan. 2009) (unpublished opinion).

In *In re Wagner*, the United States Bankruptcy Court for the District of Kansas held that a debtor's 401(k) retirement benefits were not exempt from being included in his bankruptcy estate under K.S.A. 60-2308. *In re Wagner*, 2009 WL 1851100, at *3. Although the debtor initially argued that the asset was exempt under K.S.A. 60-

6

2313(a)(1), in a later brief, the debtor relied on K.S.A. 60-2308. *In re Wagner*, 2009 WL 1851100, at *1 n.5. Moreover, although the bankruptcy court cited K.S.A. 60-2313(a)(1), it never applied it. Instead, the bankruptcy court determined that unlike the language of the statute exempting workers compensation benefits at issue in *Decker*, 273 Kan. at 404, which exempts compensation *paid* through workers compensation, the statute that exempts 401(k) retirement benefits, K.S.A. 60-2308, provides that "any money . . . *payable* to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan . . . shall be exempt from any and all claims of creditors of the beneficiary or participant." *In re Wagner*, 2009 WL 1851100, at *2-3. The court determined that the language in K.S.A. 60-2308 only protects the retirement account itself and not the money once it was paid out to the debtor. 2009 WL 1851100, at *3-4.

*In re Garcia* is similar to *In re Wagner* in that the debtor in a bankruptcy action argued that her private 401(k) retirement funds were exempt from inclusion in her bankruptcy estate under K.S.A. 60-2308 and K.S.A. 60-2313(a)(1). However, again, other than citing K.S.A. 60-2313(a)(1) as a statute under which the exemption was claimed, the court never stated that the statute applied to this private retirement benefit. Instead, the court specifically stated that the Kansas retirement exemption was K.S.A. 60-2308(b). *In re Garcia*, 2011 WL 482838, at *1. And, as in *Wagner*, the court determined that the retirement benefits that had already been paid to the debtor were not exempt. *In re Garcia*, 2011 WL 482838, at *1-2.

Simmons' reliance on these cases is misplaced—neither court applied K.S.A. 60-2313(a)(1) after finding that benefits already paid were not exempt under K.S.A. 60-2308. Simmons does not allege that the funds attributable to payments from his private disability insurance are exempt under K.S.A. 2016 Supp. 60-2308, and Leaf Funding is not seeking garnishment of the principal of the disability policy.

It is important to note that although the parties argue for different interpretations of K.S.A. 60-2313(a)(1), neither claims that the statute is ambiguous. Leaf Funding argues that reading the statute as Simmons would like it read would require that the first five benefits listed in the statute be general benefits and that only the last option—"other benefit"—be limited to the specific benefits named in the statutes listed in the remainder of the subsection. We agree that "other benefit" cannot be read in such isolation from the previously listed types of benefits because in addition to modifying "other," the word "benefit" also modifies "pension, annuity, retirement, disability, [and] death." There is no comma or other punctuation after the word "death" which would suggest otherwise. Further, the legislature would not have needed to list the particular statutory benefits if, by use of the introductory "*Any,*" it had already intended that *all* pension, annuity, retirement, disability, and death benefits, from whatever source, were exempt.

A written instrument will not be found to be ambiguous unless two or more meanings can reasonably be construed from the document. A court will not strain to find an ambiguity where, in common sense, there is none. See *Iron Mound v. Nueterra Healthcare Management,* 298 Kan. 412, 418, 420, 313 P.3d 808 (2013). Although *Iron Mound* arose in the context of contractual interpretation, the principle is equally valid in statutory interpretation. We would have to strain beyond common sense to accept Simmons' proposed interpretation of the statute. K.S.A. 60-2313(a)(1) unambiguously exempts from garnishment only funds derived from the types of benefits listed in the statutes specifically set forth within it. Since Simmons' funds do not fall within any of those categories, the district court was correct in overruling Simmons' objection to the garnishment.

Affirmed.