No. 121,865

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAMEKE CAESAR STRONG,
*Appellant*.

SYLLABUS BY THE COURT

1.

K.S.A. 2018 Supp. 21-5705(e) does not instruct the jury it must infer the defendant intended to distribute a drug if the defendant possessed a certain amount. The State retains its burden of persuasion. Instead, the provision creates a permissive inference telling the jury it may infer intent to distribute if the State proves the defendant possessed the requisite weight of the drug.

2.

K.S.A. 2018 Supp. 21-5705(e) does not violate the Due Process Clause and is facially constitutional.

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed September 10, 2021. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL and HURST, JJ.

POWELL, J.: While executing a search warrant at a house located within 1,000 feet of a school, Riley County police encountered Shameke Caesar Strong emerging from a bedroom in the house. A search of this bedroom yielded over 11 grams of methamphetamine. Strong was subsequently charged with and convicted of possession with intent to distribute methamphetamine within 1,000 feet of a school and possession of drug paraphernalia. Strong now appeals his possession with intent to distribute conviction, arguing the rebuttable presumption in K.S.A. 2018 Supp. 21-5705(e)—the statute which allows the jury to infer that Strong intended to distribute methamphetamine because he possessed 3.5 or more grams of methamphetamine—is unconstitutional. He also argues the jury instruction concerning this presumption was erroneous. For reasons we more fully explain below, we conclude K.S.A. 2018 Supp. 21-5705(e) is constitutional and the district court's jury instruction was legally appropriate. Finally, we decline to consider Strong's constitutional challenges to his sentence raised for the first time on appeal. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2018, police executed a search warrant on a home in Manhattan, Kansas, located within 1,000 feet of a school. During the search, Strong emerged from a bedroom, surprising police, who did not know he was at the house. Police searched the bedroom Strong exited and found mail addressed to Strong at a different address; cigarettes; lighters; a digital scale; two plastic baggies inside a black case, with one baggie containing 1.4 grams of methamphetamine and the other with 10.24 grams of methamphetamine; and 15 to 20 empty plastic baggies.

The State charged Strong with possession of methamphetamine with intent to distribute within 1,000 feet of school property, in violation of K.S.A. 2018 Supp. 21-

2

5705(a)(1), (d)(3)(C), and (d)(5); and possession of drug paraphernalia, in violation of K.S.A. 2018 Supp. 21-5709(b)(1) and (e)(2)(A).

At trial, Detective Michael Parr, one of the officers involved in the search of the home, testified that based on his training and experience, most methamphetamine users have small supplies around one gram that can be broken into smaller doses. He testified people who possess larger amounts usually are looking to sell the methamphetamine.

Strong testified he did not live at the house police searched but was only there to use the shower due to problems with the water main at his house. Because he was planning to shower, Strong brought a bag with clothes and hygiene products and included his mail. Strong claimed he was unaware of any illegal drugs at the house.

The jury convicted Strong on both counts, and the district court sentenced him to 186 months in prison.

Strong timely appeals.

I.    IS K.S.A. 2018 SUPP. 21-5705(e)'S REBUTTABLE PRESUMPTION UNCONSTITUTIONAL?

Strong argues the rebuttable presumption contained in K.S.A. 2018 Supp. 21-5705(e) is facially unconstitutional because it creates a mandatory presumption relieving the State from its burden to prove a defendant guilty beyond a reasonable doubt. The State counters the statute merely creates a permissive presumption which is applicable when a defendant possesses a certain amount of a drug, a presumption that the jury may reject.

*Standard of Review*

Determining the constitutionality of a statute is a legal question reviewed de novo. A presumption of constitutionality exists, and courts "'must resolve all doubts in favor of a statute's validity. Further, [a court] must interpret a statute in a manner that renders it constitutional if there is any reasonable construction that will maintain the legislature's apparent intent. [Citations omitted.]'" *State v. Gonzalez*, 307 Kan. 575, 579, 412 P.3d 968 (2018).

> "When interpreting a statute, a court first attempts to discern legislative intent through the statutory language, giving common words their ordinary meanings. *Whaley v. Sharp*, 301 Kan. 192, 196, 343 P.3d 63 (2014). When the language is plain and unambiguous, the court must give effect to its express language, rather than determine what the law should be. The court will not speculate about legislative intent and will not read the statute to add something not readily found in it. *Graham v. Doktor Trucking Group*, 284 Kan. 547, Syl. ¶ 3, 161 P.3d 695 (2007). It is only when the statute's language is unclear or ambiguous that the court employs the canons of statutory construction, consults legislative history, or considers other background information to ascertain its meaning. *Whaley*, 301 Kan. at 196." *Nauheim v. City of Topeka*, 309 Kan. 145, 149-50, 432 P.3d 647 (2019).

*Preservation*

Strong acknowledges he did not raise this issue before the district court but argues it meets an exception to the preservation requirement. Generally, a party may not raise constitutional issues for the first time on appeal, but there are exceptions to that general rule: (1) if the new issue involves only a legal question arising from proven or admitted facts and is finally determinative of the case; (2) if consideration of the issue is necessary to serve the ends of justice or prevent a denial of fundamental rights; and (3) if the district court was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Strong argues the first two exceptions apply here.

Another panel of this court determined it could hear a challenge to K.S.A. 2019 Supp. 21-5705(e) for the first time on appeal under the first exception. See *State v. Holder*, No. 120,464, 2020 WL 6108359, at *3 (Kan. App. 2020) (unpublished opinion), *rev. granted* 313 Kan. ___ (April 23, 2021); see also *State v. Hinnenkamp*, 57 Kan. App. 2d 1, 5, 446 P.3d 1103 (2019) (holding facial constitutional challenge fits within first exception). Whether K.S.A. 2018 Supp. 21-5705(e) is facially unconstitutional is a purely legal question involving no disputed facts, and a finding of unconstitutionality would be finally determinative of this case. Thus, we will consider the merits of Strong's argument.

### *K.S.A. 2018 Supp. 21-5705(e)'s Constitutionality*

The State charged Strong with possessing at least 3.5 grams but less than 100 grams of methamphetamine within 1,000 feet of a school property under K.S.A. 2018 Supp. 21-5705(a)(1), (d)(3)(C), and (d)(5). Strong possessed over 11 grams of methamphetamine. This amount triggered a rebuttable presumption of intent to distribute. See K.S.A. 2018 Supp. 21-5705(e)(2). Strong argues the statutory presumption that he possessed the methamphetamine with the intent to distribute based on its weight unconstitutionally relieved the State of its burden to prove beyond a reasonable doubt he intended to distribute.

K.S.A. 2018 Supp. 21-5705(e)(2) reads, in relevant part:

> "In any prosecution under this section, there shall be a rebuttable presumption of an intent to distribute if any person possesses the following quantities of controlled substances or analogs thereof:
> . . . .
> "(2) 3.5 grams or more of heroin or methamphetamine."

5

Basing its instruction on the Pattern Instructions of Kansas (PIK) Crim. 4th 57.022 (2013 Supp.), the district court instructed the jury on this presumption as follows:

> "You may presume that a person had the intent to distribute methamphetamine when the person possessed 3.5 grams or more. You may consider this presumption along with all other evidence in the case. You may accept or reject it in determining whether the State has met the burden to prove the required criminal intent of the Defendant. This burden never shifts to the Defendant."

Strong alleges K.S.A. 2018 Supp. 21-5705(e) is facially unconstitutional because it creates a mandatory rebuttable presumption which is forced upon the jury. To support his argument, Strong relies on *Francis v. Franklin*, 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985).

In *Francis*, the United States Supreme Court addressed the different types of statutory presumptions, indicating that the threshold inquiry in these cases is determining the nature of the presumption—whether it is a mandatory presumption or permissive inference. 471 U.S. at 313-14. "A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion." 471 U.S. at 314. Mandatory presumptions "violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of an offense. . . . A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury" that it should infer the conclusion based on the proven predicate facts. 471 U.S. at 314. "A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." 471 U.S. at 314-15. While the analysis focuses initially on the specific language challenged, if that portion could be reasonably understood as creating a presumption that relieves the State of its burden on an element of offense, the challenged language must be

considered in context of all the instructions, which might explain the language "to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption." 471 U.S. at 315. The *Francis* Court explained that while a mandatory rebuttable presumption might be "less onerous" on the defendant, it is still unconstitutional if it shifts the burden of persuasion on a fact from the State. 471 U.S. at 317.

Our Supreme Court has held: "'[A] rebuttable statutory presumption constitutes a rule of evidence . . . .' When the presumption favors the State, 'the jury must be clearly instructed as to the nature and extent of the presumption and that it does not shift the burden of proof to the defendant.' [Citations omitted.]" *State v. Macomber*, 309 Kan. 907, 922, 441 P.3d 479 (2019).

> "The most common evidentiary device is the entirely permissive inference or presumption, which allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant. In that situation, the basic fact may constitute prima facie evidence of the elemental fact. . . . Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. [Citations omitted.]" *County Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140, 157, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979).

Several panels of our court have been confronted with challenges to the constitutionality of K.S.A. 2020 Supp. 21-5705(e)(2), and all have avoided squarely addressing the issue for various reasons. In *State v. Slusser*, No. 121,460, 2020 WL 7636318 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* January 26, 2021, Slusser attacked K.S.A. 2019 Supp. 21-5705(e)(2) as facially unconstitutional for creating a rebuttable presumption that a person possessing 3.5 grams or more of

methamphetamine intended to distribute the drug. The panel found it did not need to address the constitutionality of K.S.A. 2019 Supp. 21-5705(e)(2)'s presumption because the jury instruction provided was based on the PIK and the jury was not informed of the presumption; therefore, the jury could not have considered it when convicting Slusser. The panel held that even if the statutory presumption were constitutionally deficient, Slusser could not have been prejudiced in any way. 2020 WL 7636318, at \*2.

In *Holder*, 2020 WL 6108359, at \*4, Holder, citing *Francis* for support, argued K.S.A. 2019 Supp. 21-5705(e) created an unconstitutional mandatory presumption and, "apart from any related instruction," was facially unconstitutional for violating due process by not requiring the State to prove to the jury every element beyond a reasonable doubt. The panel explained Holder could not "advance a facial challenge to the statutory presumption without first showing that the related jury instruction issued a mandatory presumption." 2020 WL 6108359, at \*4. The panel held the statute must be examined together with the related jury instruction. The district court followed PIK Crim. 4th 57.020 (2014 Supp.) for the jury instruction, and the panel held the language in the jury instruction was permissive, "suggesting a possible conclusion but not requiring the jury to draw that conclusion." 2020 WL 6108359, at \*5-6. Because the jury instruction contained a permissive instruction, the panel found Holder lacked standing to advance a facial challenge. 2020 WL 6108359, at \*5.

Finally, in *State v. Reisinger*, No. 119,791, 2021 WL 2171093 (Kan. App. 2021) (unpublished opinion), *rev. denied* 313 Kan. ___ (August 31, 2021), Reisinger brought an as-applied constitutional challenge to K.S.A. 2020 Supp. 21-5705(e)(2) but corrected the deficiency in *Holder* and challenged the jury instruction. The panel held Reisinger's argument was unpersuasive because any presumption in the statute was not relied on at trial, as the jury was never instructed that it must presume Reisinger intended to distribute methamphetamine based on the amount he possessed. 2021 WL 2171093, at \*6. The jury instruction, based on the PIK, did not mandate an unconstitutional evidentiary

8

presumption but "permitted an inference for the jury to consider and apply to the facts of the case." 2021 WL 2171093, at *6. The panel ultimately did not consider the constitutionality of K.S.A. 2020 Supp. 21-5705(e)(2) because Reisinger could not show the statute had been unconstitutionally applied to him. 2021 WL 2171093, at *6.

While the other panels found the defendants could not challenge the statute because the jury instruction did not inform the jury of the statutory presumption, here, Instruction No. 6—although its wording is not a carbon copy of K.S.A. 2018 Supp. 21-5705(e)(2)—informed the jury it may presume a person had the intent to distribute if the person possessed 3.5 grams or more of methamphetamine. See PIK Crim. 4th 57.022 (words "presumption" or "presume" not present). The jury instruction's discussion of the presumption of intent to distribute placed the statutory provision's presumption in front of the jury. Thus, unlike in the cases discussed above, the question of K.S.A. 2018 Supp. 21-5705(e)'s constitutionality is squarely before us.

We agree with the reasoning of another panel of this court that addressed the mandatory versus permissive presumption issue in the context of marijuana possession under K.S.A. 2014 Supp. 21-5705(e)(1). In *State v. Jimenez*, No. 111,659, 2015 WL 5036738 (Kan. App. 2015) (unpublished opinion), the panel held:

> ". . . [T]he presumption set forth in K.S.A. 2014 Supp. 21-5705(e)(1) is permissive in nature and merely suggests the existence of a relationship between a fact proved and a fact presumed. Permissive presumptions are rebuttable and do not require the jury to convict after the State has made a prima facie case. Notably, a permissive presumption affirmatively permits the jury to return a verdict in favor of the defendant even if the defendant fails to introduce any evidence." 2015 WL 5036738, at *4.

Although *Jiminez* dealt with possession of marijuana under K.S.A. 2014 Supp. 21-5705(e)(1) rather than methamphetamine under (e)(2), the relevant language of K.S.A. 2018 Supp. 21-5705(e)—"there shall be a rebuttable presumption of an intent to

9

distribute"—remains the same if the defendant possesses a certain weight of the drug. This presumption is permissive in nature. See *State v. Haremza*, 213 Kan. 201, 203-04, 515 P.2d 1217 (1973) ("Statutory presumptions are ordinarily rebuttable. . . . [They do] not alter the ultimate burden of proof resting upon the prosecution."). Unlike the mandatory presumptions discussed in *Francis*, 471 U.S. at 314, K.S.A. 2018 Supp. 21-5705(e) does not instruct the jury it must infer that the defendant intended to distribute the drug if the defendant possessed a certain amount. The State retains its burden of persuasion. Instead, the provision creates a permissive inference telling the jury it may infer intent to distribute if the State proves the defendant possessed the requisite weight of the drug. K.S.A. 2018 Supp. 21-5705(e) does not violate the Due Process Clause because this inference is one justified by reason and common sense. See 471 U.S. at 314-15. K.S.A. 2018 Supp. 21-5705(e) is facially constitutional.

## II.    WAS INSTRUCTION NO. 6 LEGALLY INAPPROPRIATE?

Strong also argues that even if we find K.S.A. 2018 Supp. 21-5705(e) constitutional, Instruction No. 6 was legally inappropriate because it does not accurately state the law. Strong asserts Instruction No. 6 gave the jury a permissive mandate, rather than a restrictive one as the statute requires.

*Standard of Review*

"'For jury instruction issues, the progression of analysis and corresponding standards of review on appeal are: (1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error

10

was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).'" *State v. Woods*, 301 Kan. 852, 876, 348 P.3d 583 (2015).

The first and last steps are interrelated because preservation of the issue affects the reversibility inquiry. *State v. Bolze-Sann*, 302 Kan. 198, 209, 352 P.3d 511 (2015).

When a party does not object to a jury instruction in front of the district court, we review the instruction to determine whether it was clearly erroneous. K.S.A. 2020 Supp. 22-3414(3). For a jury instruction to be clearly erroneous, we must be firmly convinced "'the jury would have reached a different verdict'" if the erroneous instruction had not been given. *State v. Carter*, 305 Kan. 139, 163, 380 P.3d 189 (2016). The party claiming clear error has the burden to show the error's existence. *State v. McLinn*, 307 Kan. 307, 318, 409 P.3d 1 (2018).

*Invited Error*

The State claims Strong invited any instructional error because Strong's counsel agreed to Instruction No. 6 on the record, did not object to the instruction, and did not object when the instruction was read to the jury. Our Supreme Court addressed this contention in *State v. McDaniel*, 306 Kan. 595, 395 P.3d 429 (2017), where the State argued the defendant invited error by agreeing to the wording of an instruction at trial. The Supreme Court noted its precedents explain that "'[a] party must do more than simply fail to object to a district court's proposed jury instruction to risk application of the invited error doctrine.'" 306 Kan. at 615. The Supreme Court held that the defendant did not challenge the district court's use of language he asked the court to use and did not challenge the absence of language he asked the district court not to use; the defendant only failed to object to the instructions as given. Thus, the invited error doctrine did not apply. 306 Kan. at 615.

11

Strong did not ask the district court to include or exclude certain language in Instruction No. 6; he only failed to object to the instruction as given. Strong did not invite error by his actions.

*Analysis*

To determine whether an instruction is legally appropriate, we determine whether the instruction "'properly and fairly stated the law as applied to the facts of the case and could not have reasonably misled the jury.'" *State v. Bernhardt*, 304 Kan. 460, 469, 372 P.3d 1161 (2016).

Instruction No. 6 reads:

"You may presume that a person had the intent to distribute methamphetamine when the person possessed 3.5 grams or more. You may consider this presumption along with all other evidence in the case. You may accept or reject it in determining whether the State has met the burden to prove the required criminal intent of the Defendant. This burden never shifts to the Defendant."

For comparison, K.S.A. 2018 Supp. 21-5705(e)(2) reads:

"In any prosecution under this section, there shall be a rebuttable presumption of an intent to distribute if any person possesses the following quantities of controlled substances or analogs thereof:

. . . .

"(2) 3.5 grams or more of heroin or methamphetamine."

And PIK Crim. 4th 57.022 reads:

> "If you find the defendant possessed (450 grams or more of marijuana) (3.5 grams or more of heroin) (3.5 grams or more of methamphetamine) (100 dosage units or more containing *insert name of controlled substance*) (100 grams or more of *insert name of any other controlled substance*), you may infer that the defendant possessed with intent to distribute. You may consider the inference along with all the other evidence in the case. You may accept or reject it in determining whether the State has met the burden of proving the intent of the defendant. This burden never shifts to the defendant."

Instruction No. 6 fairly stated the law on K.S.A. 2018 Supp. 21-5705(e)(2)'s rebuttable presumption because it was based on the PIK and accurately informed the jury that a rebuttable presumption of intent to distribute exists under the law if a person possesses 3.5 grams or more of methamphetamine. See *State v. Butler*, 307 Kan. 831, 847, 416 P.3d 116 (2018) (Supreme Court strongly recommends use of PIK instructions). It also informed the jury it could choose to reject the evidentiary presumption. Because K.S.A. 2018 Supp. 21-5705(e)(2) creates a permissive presumption, not a mandatory one as Strong argues, the instruction accurately reflects the law. Moreover, the district court correctly instructed the jury that the burden to prove criminal intent always remained with the State and never shifted to Strong. Instruction No. 6 was legally appropriate.

III.    DID THE USE OF STRONG'S CRIMINAL HISTORY TO INCREASE HIS SENTENCE VIOLATE THE KANSAS AND UNITED STATES CONSTITUTIONS?

Strong's final two arguments can be addressed together. Strong argues the use of his prior convictions to increase his sentence without requiring the State to prove them to a jury beyond a reasonable doubt violated section 5 of the Kansas Constitution, as well as the Sixth and Fourteenth Amendments to the United States Constitution. Whether the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq., violates

13

the Constitution is a legal question subject to de novo review. *State v. Albano*, 313 Kan. 638, 641, 487 P.3d 750 (2021).

The State notes Strong has not preserved these issues because he never raised them below. The State is correct that constitutional grounds for reversal asserted for the first time on appeal are not properly before us for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). However, Strong argues we may consider the matters if consideration of the issues involves only a legal question arising from proven or admitted facts and is finally determinative of the case or consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights. See *Johnson*, 309 Kan. at 995. But neither exception is applicable. First, resolution of Strong's constitutional challenges to his sentence is not finally determinative of the case because if Strong is correct, then the case would merely return to the district court for resentencing. Second, Strong's fundamental rights are not at risk because our Supreme Court has previously rejected Strong's claims.

The Kansas Supreme Court recently addressed whether the use of a defendant's criminal history without a finding by a jury to increase the defendant's sentence violated section 5 of the Kansas Constitution. In *Albano*, 313 Kan. at 657, our Supreme Court held: "[T]he KSGA provisions authorizing the court to make criminal history findings for purposes of imposing a sentence do not violate section 5 because such judicial findings do not impair the traditional functions of the jury in Kansas criminal proceedings."

Strong's challenge under the United States Constitution meets the same fate as his Kansas Constitution challenge. Our Supreme Court has held that using a defendant's criminal history to increase his sentence without proving such criminal history to a jury beyond a reasonable doubt did not violate the Sixth and Fourteenth Amendments. *State v.*

*Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002). The Supreme Court recently reaffirmed that stance in *State v. Sullivan*, 307 Kan. 697, 708, 414 P.3d 737 (2018).

As we are duty-bound to follow our Supreme Court's decisions on these matters, we decline to address Strong's constitutional challenges to his sentence. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Court of Appeals duty-bound to follow Supreme Court precedent); see also *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020) (no obligation to consider issue raised for first time on appeal even if exception applies).

Affirmed.